**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Anthony Bernard Simpson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:24-cv-06759-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Dustin Phillips, Warden Kevin Sharp, | ) | |
| and Richard Chualaz, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Anthony Simpson, proceeding *pro se* and *in forma pauperis*, (ECF No. 6), brought

this action following a fall in the shower at the Turbeville Correctional Institution. (ECF Nos. 1,

16). Defendants Dustin Phillips, Warden Kevin Sharp, and Richard Chualaz filed a motion for

summary judgment, (ECF No. 35), and the magistrate judge[1] issued an order pursuant to *Roseboro*

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975), informing Plaintiff of the summary judgment procedures

and the possible consequences if he failed to adequately respond to the motion, (ECF No. 36).

After being granted multiple extensions, (ECF Nos. 39, 42), Plaintiff filed a response in opposition

to the motion, (ECF No. 50). Now before the court is the magistrate judge's Report and

Recommendation ("Report"), recommending the court grant Defendants' motion for summary

judgment. (ECF No. 51). Plaintiff filed a motion seeking an additional thirty days to file objections

to the Report, (ECF No. 53), which the undersigned granted in part, giving Plaintiff until June 12,

2026 to have his objections filed with the court, (ECF No. 54). That order was mailed to Plaintiff's

last known address, (ECF No. 55), and has not been returned to the court as undeliverable.

---

[1] Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred
to a magistrate judge.

1

Therefore, he is presumed to have received it. Nevertheless, Plaintiff failed to file objections, and his deadline to do so has passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Finding no clear error, the court **ADOPTS** the recommendation in the Report, (ECF No. 51), and **GRANTS** Defendants' motion for summary judgment, (ECF No. 35). This case is hereby dismissed *without prejudice*.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
June 17, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3